IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUANY CABRAL<br>7787 Humboldt Drive<br>Hummelstown, PA 17036<br><br>and<br><br>FELICIA SILVERA<br>240 Adams Street<br>Apartment #1<br>Steelton, PA 17113<br><br>     Plaintiff,<br>  v.<br><br>Y CONNECT<br>1000 Kreider Drive<br>Suite 700<br>Middletown, PA 17057<br><br>and<br><br>KELLY SERVICES<br>535 New Jersey 38 #120<br>Cherry Hill, NJ 08002<br><br>     Defendants. | CIVIL ACTION NO.:<br><br>**CIVIL ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff Suany Cabral (hereinafter "Plaintiff Cabral") and Plaintiff Felicia Silvera (hereinafter "Plaintiff Silvera") (hereinafter collectively "Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant Y Connect, Inc. and Defendant Kelly Services (hereinafter "Defendants").

**INTRODUCTION**

1. Plaintiffs initiate this action to redress violations by Defendant of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") and the Pennsylvania Human Relations Act

(hereinafter "PHRA"). Defendants subjected Plaintiff Cabral to harassment on the basis of her sex and/or because she refused to date her direct supervisor and/or because she complained about sexual harassment, and Defendants retaliated against Plaintiff Silvera because she inquired about providing a witness statement in Plaintiff Cabral's EEOC case.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, Title VII. The Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiffs have exhausted all administrative pre-requisites to the filing of their instant Title VII and PHRA claims.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant Y Connect, Inc. (hereinafter "Defendant Y") is a corporation with a place of business at the address set forth in the caption.

9. Defendant Kelly Services (hereinafter "Defendant Kelly") is a corporation with a place of business at the address set forth in the caption.

10. Defendant Y and Defendant Kelly were Plaintiffs' joint employers.

11. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in full.

13. Defendant Kelly hired Plaintiff Cabral in or around 1998.

14. Defendant Y hired Plaintiff Cabral (by way of Defendant Kelly) in or around 2003, as an assembly person.

15. Defendant Kelly hired Plaintiff Silvera in or around 1999.

16. Defendant Y hired Plaintiff Silvera (by way of Defendant Kelly) in or around 2004, as an assembly person.

17. In or around 2012, Defendant Y hired Dean Martin ("Operations Manager Martin") as an operations manager.

18. At all times relevant herein, Defendants jointly employed Plaintiffs.

19. Defendant Kelly hired and eventually assigned Plaintiffs to work at Defendant Y, and while Plaintiffs were working at Defendant Y as assigned by Defendant Kelly, Defendant Y directed the day to day work activities of Plaintiffs and Plaintiffs performed work that directly benefited Defendant Y.

20. Defendant Kelly paid Plaintiffs for the services Plaintiffs performed for Defendant Y.

**Plaintiff Cabral's Claims**

21. Upon being hired, Operations Manager Martin began to sexually harass Plaintiff Cabral.

22. For example, on numerous occasions Operations Manager Martin would ask Plaintiff Cabral out on dates, caress her hair, and ask if Plaintiff Cabral had a boyfriend.

23. Plaintiff Cabral told Operations Manager Martin to leave her alone, that she was not interested in dating him, and that she had a boyfriend.

24. Operations Manager Martin would also blow kisses at Plaintiff Cabral, pull her phone out of her hands to see who she was talking to, and sneak unwanted gifts into her purse.

25. On an almost monthly basis, Operations Manager Martin would ask Plaintiff Cabral, in front of coworkers, whether she was on her period.

26. Operations Manager Martin would also come up and hug Plaintiff Cabral while she waited for the coffee machine at work to finish making her coffee.

27. The previously described behavior continued throughout the entirety of Plaintiff Cabral's time working for Defendant Y.

28. Plaintiff Cabral repeatedly told Operations Manager Martin that his behavior was disturbing and unwanted.

29. Plaintiff Cabral also complained about Operations Manager Martin's harassment of her to Sue (Last Name Unknown) (hereinafter "Assistant Sue"), the assistant to Defendant Y's General Manager Rebuen (Last Name Unknown) (hereinafter "GM Reuben")

30. In or around May 2014, GM Reuben held a meeting between Plaintiff Cabral, Plaintiff Silvera, and two additional female employees.

31. During said meeting, Plaintiff Cabral detailed Operations Manager Martin's sexual harassment of her.

32. During said meeting, Plaintiff Silvera and the two other female coworkers detailed Operation Manager Martin's mistreatment and harassment of them.

33. GM Reuben responded to Plaintiff Cabral, Plaintiff Silvera, and the two other co-workers with shock and promises of disciplinary action.

34. However, following the meeting Operations Manager Martin's behavior did not change, as he continued to sexually harass and humiliate Plaintiff Cabral and her female co-workers on a regular basis; this continued for another five months.

35. Plaintiff Cabral continued to state to Operations Manager Martin that his harassment was unwanted.

36. Plaintiff also continued to report to GM Reuben that Operations Manager Martin's harassment was continuing and unwanted; Plaintiff made these reports to Assistant Sue.

37. In addition, a female employee that Operations Manager Martin had mistreated and harassed (who was present at the May 2014 meeting with General Manager Reuben), Anna (last name unknown at this time), also continued to complain to Operations Manager Martin and GM Reuben about Operations Manager Martin's continued mistreatment and harassment.

38. In or around September 15, 2014, Operations Manager Martin fired Plaintiff Cabral for alleged "lack of work."

39. In or around September 2014, Operations Manager Martin also fired Anna for "lack of work"

40. Upon information and belief, both Plaintiff Cabral and Anna were replaced immediately.

41. Defendants' reason for firing Plaintiff Cabral was pretext.

42. In actuality, Defendants fired Plaintiff Cabral due to her sex, because she would not date him, and/or due to her complaints of sexual harassment.

### Plaintiff Silvera's Claims

43. While employed by Defendants, Plaintiff Silvera witnessed Operations Manager Martin repeatedly sexually harass Plaintiff Cabral.

44. While employed by Defendants, Operations Manager Martin repeatedly mistreated Plaintiff Silvera.

45. By way of example, Operations Manager Martin repeatedly called Plaintiff Silvera "stupid," and would refer to her by random names that were not her own.

46. In or about March 2015, Plaintiff Cabral (who had been fired in September 2014) filed a complaint against Defendants with the Equal Employment Opportunity Commission ("EEOC").

47. In or around April of 2015, Plaintiff Silvera approached GM Reuben and asked if it would violate company policy if she were a witness in Plaintiff Cabral's then pending EEOC case.

48. GM Reuben told Plaintiff Silvera that she was free to give testimony relating to Plaintiff Cabral's EEOC case.

49. On or about May 18, 2015, after returning from a prescheduled vacation, Plaintiff Silvera was informed by Defendant Y that she was being "laid off" due to lack of work.

50. Plaintiff Silvera later learned that Defendants had hired someone to replace her soon after she was fired.

51. Defendants' reason for firing Plaintiff Silvera was pretext.

52. In reality, Defendants fired Plaintiff Silvera because she inquired about giving testimony in Plaintiff Cabral's EEOC case.

## COUNT I
### Violations of Title VII
### (Sexual Harassment/Discrimination)
### (Plaintiff Cabral v. Defendant Y and Defendant Kelly)

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. During her employment with Defendants, Plaintiff Cabral was subjected to severe and pervasive sexual harassment which was both offensive and unwelcome.

55. Defendants failed to remedy the sexual harassment to which Plaintiff Cabral was subjected even after receiving notice of same.

56. Any reasonable person would have felt that he or she was being subjected to sexual harassment due to the use of sexually offensive and unwelcome verbal and non-verbal (including physical touching) behavior by management, and by Defendants' failure to effectively remedy such harassment after being put on notice of same, and by Defendants' retaliatory conduct taken in response to Plaintiff Cabral's complaints of harassment.

57. Defendants' conduct constituted violations of Title VII.

## COUNT II
### Violations of Title VII
### (Retaliation/Wrongful Termination)
### (Plaintiff Cabral v. Defendant Y and Defendant Kelly)

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. Sexual harassment complaints constitute protected complaints under Title VII.

60. Defendants retaliated against Plaintiff Cabral for her complaints of sexual harassment.

61. Defendants fired Plaintiff Cabral for her complaints of sexual harassment.

62. Defendants fired Plaintiff Cabral because she refused to date Operations Manager Martin.

63. Defendants' conduct constituted violations of Title VII.

## COUNT III
### Violations of PHRA
### (Sexual Harassment/Discrimination)
### (Plaintiff Cabral v. Defendant Y and Defendant Kelly)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. During her employment with Defendants, Plaintiff Cabral was subjected to severe and pervasive sexual harassment which was both offensive and unwelcome.

66. Defendants failed to remedy the sexual harassment to which Plaintiff Cabral was subjected even after receiving notice of same.

67. Any reasonable person would have felt that he or she was being subjected sexual harassment due to the use of sexually offensive and unwelcome verbal and non-verbal behavior by management, and by Defendants' failure to effectively remedy such harassment after being put on notice of same, and by Defendants' retaliatory conduct taken in response to Plaintiff Cabral's complaints of harassment.

68. Defendants' conduct constituted violations of the PHRA.

## COUNT IV
### Violations of PHRA
### (Retaliation/Wrongful Termination)
### (Plaintiff Cabral v. Defendant Y and Defendant Kelly)

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. Sexual harassment complaints constitute protected complaints under the PHRA.

71. Defendants retaliated against Plaintiff Cabral for her complaints of sexual harassment.

72. Defendants fired Plaintiff Cabral for her complaints of sexual harassment.

73. Defendants fired Plaintiff Cabral because she refused to date Operations Manager Martin.

74. Defendants' conduct constituted violations of the PHRA.

## COUNT V
### Violations of Title VII
### (Retaliation/Wrongful Termination)
### (Plaintiff Silvera v. Defendant Y and Defendant Kelly)

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. Plaintiff Silvera told Defendant Y that she was considering participating as a witness in Plaintiff Cabral's EEOC complaint.

77. Defendants fired Plaintiff Silvera due to her stated interest in participating in Plaintiff Cabral's EEOC complaint.

78. Defendants' conduct constituted violations of Title VII.

## COUNT VI
### Violations of PHRA
### (Retaliation/Wrongful Termination)
### (Plaintiff Silvera v. Defendant Y and Defendant Kelly)

79. The foregoing paragraphs are incorporated herein as if set forth in full.

80. Plaintiff Silvera told Defendant Y that she was considering participating as a witness in Plaintiff Cabral EEOC's complaint.

81. Defendants fired Plaintiff Silvera due to her stated interest in participating in Plaintiff Cabral's EEOC complaint.

82. Defendants' conduct constituted violations of the PHRA.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

 A. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiffs or anyone else on any basis forbidden by Title VII and/or the PHRA;

 B. Defendants are to promulgate and adhere to a policy prohibiting sexual harassment and retaliation;

 C. Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' illegal actions, including but not limited to back and front pay;

 D. Plaintiffs are to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

 E. Plaintiffs are to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for its willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

 F. Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

 G. Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable law; and

 H. Plaintiffs are permitted to have a trial by jury.

*(signature on following page)*

                                             Respectfully submitted,

                                             **SWARTZ SWIDLER, LLC**

                                             */s/ Richard Swartz*
                                             Richard S. Swartz, Esq.
                                             Carley A. Doyle, Esq.
                                             1101 Kings Highway N. Suite 402
                                             Cherry Hill, NJ 08034
                                             (856) 685- 7420 Phone
                                             (856) 685- 7417 Fax

Date:   September 20, 2017